## TOLEDO (city) v GAUS

Ohio Appeals, 6th Dist, Lucas County
No 2247.  Decided Nov 25, 1929

Mark Winchester, Asst Director of Law, Toledo, for city.

Eldon H. Young, Toledo, for Gaus.

LLOYD, J.

He testifies that he "hit the rail at approximately right angles" and that he "did not remember very much what did happen, but the front wheel went over the rail, that is all I remember". Following that he stated that the first thing I remember is, I can recall, is when the barber came in the hospital to shave me". He was in the hospital until the 2nd or 3rd of the following June. His speed at the crossing is problematical, he not testifying thereto, saying on cross-examination it "is beyond my memory at the present time". Other witnesses proceeding in automobiles on the Tremainesville Road toward the crossing at a speed of 20 to 25 miles an hour, testified that Gaus was going sufficiently fast to pass them about a quarter of a mile from the crossing and to have preceded them to the crossing by about 50 feet. On cross-examination, in answer to the question "How fast were you going that night?" Gaus said according to the speedometer on the motorcycle when it was picked up, there was two hands, one is the maximum and the other hand comes back to its original position of zero, and the maximum hand was set at 18 miles an hour." Presumably this statement was based on what some one had told Gaus, but no objection being made thereto, it had such probative value as the jury might determine. If this statement is to be taken as true, then Gaus on his motorcycle had not at any time that evening attained a speed in excess of 18 miles an hour and may have been proceeding at a less rate of speed over the railway crossing. One of the motorists whose automobile Gaus passed testified that as he started to pass an auto ahead of him he heard a crash and "the first look that, plain look, I got of the accident the motorcycle was above Mr. Gaus and there was a space of light between Mr. Gaus and the motorcycle and another one between the motorcycle and the road". If this witness was not mistaken in what he says he observed, then surely the speed of the motorcycle at the time of the occurrence must have exceeded the 18 to 25 miles per hour suggested by the other testimony.

Gaus, as plaintiff, seeking to recover damages for his alleged personal injuries, commenced an action in the court of common pleas against the City of Toledo and The Toledo & Western Railway Company. At the conclusion of the evidence, upon motion to elect as against which defendant he would proceed, the action was dismissed as to the railway company. The trial resulted in a verdict and judgment of $5,000.00 against the city of Toledo.

It is claimed that the plaintiff Gaus was guilty of contributory negligence as a matter of law, requiring a directed verdict in favor of the City of Toledo and a final judgment in its favor in this court and, in any event, that the judgment is against the weight of the evidence and should be reversed and remanded for that reason and also for the reason that the trial judge erred in the admission of certain testimony offered at the trial by defendant in error. No evidence was offered by plaintiff in error as to the issues involved. Our examination of the record discloses a surprisingly limited explanation of the cause of the occurrence, and in view of the admitted familiarity of Gaus with the condition of the crossing and of his having passed it some five or six hundred times theretofore, we have seriously considered the question of whether the evidence does not show the defendant in error to have been guilty of contributory negligence as a matter of law; but because of the varying testimony as to the speed of the motorcycle and the absence of evidence as to the effect of a road or crossing of the character and in the condition of that here in question, upon a motorcycle proceeding upon or across it at any given speed, and because of the presumption, in the absence of evidence to the contrary, that plaintiff was proceeding as persons of ordinary care and prudence would proceed under the same or similar circumstances, we have concluded not to enter a final judgment on the evidence presented in the records now before us, but this court does find that the judgment is manifestly against the weight of the evidence on the issue of contributory negligence of the defendant in error.

Plaintiff in error alleges as error the admission in evidence of the answers of Mrs. Gaus to the following question asked by counsel for defendant in error:

"Q. What do you know, Mrs. Gaus, about his, about Mr. Gaus's present condition? Does he still complain or not? A. Yes, he complains mostly of dizziness, especially when he is lying on his left side, which he has to do quite often in his work.

Q. Does he make any other complaints as to his condition about the house?

A. Complains quite a bit about his head.

Q. In what way? A. Of it aching.

Q. What was your answer please? A. He complains quite a bit of headaches."

We are of the opinion that in Ohio questions such as the above are improper, and that the evidence thus adduced in the instant case was incompetent and constitutes prejudicial error. **Pennsylvania Co. vs. Files, 65 Ohio St., 403.**

Because of the foregoing, which are the only errors discussed in the brief of plaintiff in error, the judgment is reversed and the action remanded to the court of common pleas for further proceedings according to law.

Williams and Richards, JJ., concur.